IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NANCY ALICE JONES, Individually and as the Personal Representative of the ESTATE OF DAVID ALLEN JONES and SCOTT ALBERT JONES, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCIS JOHN NABER,<br><br>Defendant. | No.   2:18-cv-1021<br><br>**COMPLAINT**<br><br>**(Jury Demand)** |

Plaintiffs, Nancy Alice Jones, individually and as the Personal Representative of the Estate of David Allen Jones, and Scott Albert Jones, individually, for their claims against Francis John Naber, state as follows:

1. David Allen Jones ("David") died intestate on October 5, 2017, at the age of 60 years old, in Dubuque County, Iowa, while a citizen and resident of East Palatka, Florida. His estate (case no. 2017-CP-410) is pending in the Circuit Court Seventh Judicial Circuit in and for Putnam County, Florida.

2. Plaintiff Nancy Alice Jones ("Nancy") is the surviving spouse of David, and at all material times has been a citizen and resident of East Palatka, Florida. Nancy is the duly appointed Personal Representative of the Estate of David Jones. Pursuant to Iowa Code Section 633.149, attached hereto as Exhibit 1 is an authenticated copy of Nancy's appointment as the Personal Representative of the Estate of David Jones.

3. Plaintiff Scott Albert Jones ("Scott") is the adult son of David, and at all material times has been a citizen and resident of Middleton, Wisconsin.

4. Upon Plaintiffs' information and belief, at all material times Defendant Francis John Naber ("Naber") has been a citizen of Iowa, residing at 10728 Highway 136, Dyersville, Iowa.

5. The injuries to and death of David, further described below, occurred in Dubuque County, Iowa.

6. There is complete diversity of the parties to this action because Defendant is a citizen of Iowa and all Plaintiffs are citizens of states outside of Iowa.

7. The amount in controversy exceeds $75,000.00, exclusive of costs and interest and, therefore, this Court has jurisdiction over this matter pursuant to 28 USC § 1332.

8. Venue is proper in this district pursuant to 28 USC § 1391(b) because Defendant resides in this District and because a substantial part of the events or admissions giving rise to this claim occurred in this District.

9. At approximately 11:09 a.m. on October 5, 2017, Mr. Naber, driving a John Deere 2555 Tractor with an attached manure spreader, was travelling south on Highway 136 in Dubuque County, Iowa. Mr. Naber was driving partially on the right shoulder and partially on the roadway of the southbound lane of Highway 136.

10. At all material times, the manure spreader Mr. Naber was operating did not have a slow moving sign attached to it.

11. At the above-described time and place, David, driving a 2006 Harley Davidson FLHXI, was travelling south on the roadway of Highway 136 behind Mr. Naber.

2

12. At that same time and place, Mr. Naber pulled off the right shoulder and began turning left or east into a driveway at 10610 Highway 136 crossing the highway in front of David, blocking the northbound and southbound lanes with his tractor and manure spreader.

13. Before he pulled off the right shoulder and across the highway, Mr. Naber failed to look to the rear to determine whether he could cross the highway without danger to traffic following him.

14. When Mr. Naber turned in front of David and was crossing Highway 136, David was unable to come to a complete stop, laid down his motorcycle, and struck the left rear tire of the John Deere tractor.

15. Although the motorcycle struck the rear tire of Mr. Naber's tractor, Mr. Naber did not stop the tractor but continued to cross Highway 136, causing the left rear tire of the manure spreader to drive over David. After stopping, looking back and seeing David's body lying in the roadway, Mr. Naber then left the scene and proceeded to a nearby farm to unload manure.

16. The collision resulted in fatal injuries to David, who was pronounced dead at the scene on October 5, 2017.

17. Defendant was at fault for the above-described incident, including but not limited to fault in the following manner:

    a. Turning the vehicle in violation of Iowa Code Section 321.314, which requires that no person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety;

    b. Failing to have a slow moving sign attached to the manure spreader, in violation of Iowa Code Section 321.383;

    c. Failing to maintain a proper lookout before and during the turn;

    d. Failing to give an appropriate signal before and while making the turn, in violation of Iowa Code Section 321.314;

e. Failing to maintain control of his vehicle, in violation of Iowa Code Section 321.288; and

f. Otherwise failing to drive in a safe and prudent manner.

18. The fault of Defendant was a cause of Plaintiffs' injuries and damages, and those injuries and damages are within the scope of Defendant's liability.

19. As a result of the Defendant's fault in the above-described incident, Plaintiffs have suffered and will continue to suffer damages, including but not limited to pre-death physical and mental pain, suffering and emotional distress, lost accumulation of the Estate of David Jones by virtue of his premature death, interest on funeral and burial expenses from the date of death until his likely date of death had the wrongful conduct not occurred; damages to Nancy, as the surviving spouse, including but not limited to the expenses and loss of services, companionship and society resulting from David's death; and damages to David's son, Scott, including but not limited to loss of services, companionship and society resulting from David's death.

WHEREFORE, Plaintiffs Nancy Alice Jones, individually and as the personal representative of the Estate of David Allen Jones, and Scott Albert Jones, individually, respectfully request that the Court enter a judgment against Defendant Francis John Naber in an amount that will fully and fairly compensate Plaintiffs for their injuries and damages, interest as provided by law, for the costs of this action and for such other relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury of all issues triable to a jury.

*/s/ Ann C. Gronlund*
Brad J. Brady, AT0001138
Ann C. Gronlund, AT0010933
Cara L. Roberts, AT0012362
BRADY PRESTON GRONLUND PC
2735 1st Avenue SE
Cedar Rapids, IA 52402
Phone: 319/866-9277
Fax: 319/866-9280
bbrady@bpglegal.com
agronlund@bpglegal.com
croberts@bpglegal.com

ATTORNEYS FOR PLAINTIFFS

5

IN THE CIRCUIT COURT,
SEVENTH JUDICIAL CIRCUIT
IN AND FOR PUTNAM COUNTY
FLORIDA

IN RE: ESTATE OF

DAVID ALLEN JONES,

CASE NO. 2017-CP-410
DIVISION 53

Deceased.

_____/

## ORDER APPOINTING PERSONAL REPRESENTATIVE

On the petition of Nancy Alice Jones for administration of the estate of David Allen Jones, deceased, the court finding that the decedent died on October 5, 2017, and that Nancy Alice Jones is entitled to appointment as personal representative by reason of surviving spouse priority of appointment, and is qualified to be personal representative, it is

ADJUDGED that Nancy Alice Jones is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing designation and acceptance of resident agent, and posting bond in the sum of 0.00, letters of administration shall be issued.

Ordered on _____11/13/17_____, _____.

_____
CIRCUIT JUDGE

I HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY AS SAME
APPEARS ON RECORD IN PUTNAM COUNTY.
OFFICE OF THE CLERK OF COUNTY COURT.
BY _____ D.C.
DATE November 9, 2017



Electronically Filed Putnam Case #  17000410CPAXMX 11/09/2017 09:19:37 AM

**EXHIBIT 1**

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT IN AND FOR PUTNAM COUNTY FLORIDA

IN RE: ESTATE OF

DAVID ALLEN JONES,

CASE NO. 2017-CP-410
DIVISION 53

Deceased.
_____/

## LETTERS OF ADMINISTRATION

TO ALL WHOM IT MAY CONCERN

WHEREAS, David Allen Jones, a resident of East Palatka, Putnam County, Florida, died on, October 5, 2017, owning assets in the State of Florida, and

WHEREAS, Nancy Alice Jones has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare Nancy Alice Jones duly qualified under the laws of the State of Florida to act as personal representative of the estate of David Allen Jones, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

ORDERED on 11/13/17.

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD IN PUTNAM COUNTY. OFFICE OF THE CLERK OF COUNTY COURT.
BY _____ D.C.
DATE November 14, 2017



_____
Circuit Judge