IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NANCY ALICE JONES, Individually and as the personal representative of the Estate of David Allen Jones and SCOTT ALBERT JONES,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRANCIS JOHN NABER,<br><br>    Defendant. | No. 18-cv-1021-MAR<br><br>**ORDER IN LIMINE** |

_____

This matter is before the Court on the parties' motions in limine. (Docs. 21, 22.) Each party timely resisted the other's motion. (Docs. 23, 24.) Plaintiffs filed a reply. (Doc. 25.) "A district court has wide discretion in admitting and excluding evidence." *Bennett v. Hidden Valley Golf & Ski, Inc.*, 318 F.3d 868, 878 (8th Cir. 2003) (citations omitted). For the following reasons, Plaintiffs' motion in in limine (Doc. 21) is **granted in part** and **denied in part**. Defendant's motion in in limine (Doc. 22) is **granted**.

## I.     BACKGROUND

This case involves a motor vehicle accident in rural Dubuque County. Plaintiffs' decedent, David Jones, was driving a motorcycle when he collided with a manure spreader being towed by Defendant Francis Naber on his tractor. Plaintiffs' Complaint (Doc. 1) alleges Defendant was at fault in a number of particulars resulting in damages to Plaintiffs. Defendant denies the allegations that attribute fault to him and raises the affirmative defense of comparative fault. (Doc. 6.)

## II. THE MOTIONS

### A. *Plaintiffs' motions*

#### 1. *The testimony of defense experts*

Plaintiffs seek to prohibit Defendant's experts from testifying beyond those opinions, facts, and data disclosed in their January 2019 report. Plaintiffs are concerned these experts may offer undisclosed opinions regarding Mr. Jones's speed or regarding whether he was improperly passing at the time of the collision. Defendant counters that his experts calculated the minimum and maximum speeds Mr. Jones could have been traveling. (Doc. 24 at 1.) This does not appear to be quite accurate. Plaintiffs point out that Defendant's experts have not calculated Mr. Jones's maximum speed. (Doc. 25.) It appears that the experts calculated only Mr. Jones minimum speed to be within a range of 44.4 to 53.0 mph. (Doc. 21-1 at 8.) The experts admit the actual speed is impossible to calculate. The fact that the experts have identified a range (which itself has a "minimum" and "maximum") creates some possibility of confusion, but that confusion can be avoided with caution.

Defendant argues the experts opined that Mr. Jones would have had sufficient time to recognize a slow-moving vehicle and slow down to avoid the collision. Based on the experts' report (Doc. 21-1) and Defendant's response, it does not appear Defendant intends to offer expert opinions either regarding Mr. Jones's actual speed or that he was traveling too fast for conditions. Nor does it appear Defendant intends to offer opinions from his experts that Mr. Jones was attempting to illegally pass him. Defendant concedes expert witnesses cannot testify regarding whether any person was violating the law. Defendant is correct that his experts are not prohibited from discussing their observations and measurements, including the location of no passing zones and the positions of the vehicles relative thereto. To the extent Plaintiffs' motion seeks to prevent experts from

testifying beyond their disclosed opinions, the motion is **granted**. Both parties shall caution their respective experts to limit their testimony to opinions previously disclosed.

### 2. *Mr. Jones's firearm*

Plaintiffs seek to exclude evidence that shows Mr. Jones had a firearm in his possession at the time of the collision because it is irrelevant, prejudicial, and likely to confuse the jury and thus inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403. Defendant does not resist this motion. Plaintiffs' motion in limine to exclude reference to or evidence of Mr. Jones's possession of a firearm is **granted**.

### 3. *Evidence of settlement negotiations, offers, or demands*

Defendant does not resist Plaintiffs' motion to exclude evidence of settlement negotiations, offers, or demands pursuant to Federal Rule of Evidence 408. Plaintiffs' motion regarding this topic is therefore **granted**.

### 4. *Mr. Jones's health condition and life expectancy*

Medical records show Mr. Jones had a history of heart disease, smoking, and consumption of alcohol. Plaintiffs argue that without expert testimony to tie this evidence to a decrease in Mr. Jones's life expectancy, the evidence is inadmissible because it would invite the jury to speculate. Plaintiffs' cite authorities from Washington and Illinois for the proposition that evidence of Mr. Jones's health, smoking, and alcohol consumption must be supported by "competent medical evidence proof" showing its impact on Mr. Jones's life expectancy.

The case is before the Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332. Neither party has suggested that the law of another state applies. Iowa law provides:

> One of the elements of damage in a wrongful death action is the present worth or value of the estate which decedent would reasonably be expected to have saved and accumulated as a result of his or her efforts between the time of death and the end of his or her natural life had he or she lived.

> [Citations omitted]. Relevant on this issue is evidence disclosing decedent's age and life expectancy, characteristics and habits, health, education or opportunity for education, general ability, other occupational qualifications, industriousness, intelligence, manner of living, sobriety or intemperance, frugality or lavishness, and other personal characteristics that are of assistance in securing business or earning money.

*Iowa-Des Moines Nat. Bank v. Schwerman Trucking Co.*, 288 N.W.2d 198, 201 (Iowa 1980). Iowa Civil Jury Instruction 200.37 provides, "the statistics from a standard mortality table are not conflict collusive. You may use this information together with other evidence about [the decedent's] health, habits, occupation, and lifestyle when deciding the issue of future damages." These authorities seem to contemplate that a jury will consider a range of factors in determining life expectancy without the intercession of expert witnesses. The Court declines to require medical evidence demonstrating how Mr. Jones's health, habits, or other characteristics may impact his life expectancy. Plaintiffs' motion on this issue is **denied**.

### 5. *Mr. Jones's prior relationships*

Defendant does not resist Plaintiffs' motion to exclude evidence concerning Mr. Jones's romantic relationships prior to his marriage to Plaintiff Nancy Jones, other than his marriage to Judy Jones. Plaintiffs' motion on this issue is **granted.**

### 6. *Nancy Jones's prior relationships*

Defendant does not resist Plaintiffs' motion to exclude evidence concerning Nancy Jones's romantic relationships prior to her marriage to Mr. Jones. Plaintiffs' motion on this issue is **granted**.

### 7. *The financial condition of David and Nancy Jones*

Defendant does not resist Plaintiffs' motion to exclude evidence of the financial condition of David and Nancy Jones. Plaintiffs' motion on this issue is **granted**.

### 8. *Testimony of Defendant regarding Mr. Jones's operation of the motorcycle before the collision*

Defendant testified in his deposition that he did not have personal knowledge of how fast Mr. Jones was going before impact. (Doc. 21-4 at 4.) He further testified that following the impact he saw the motorcycle but not did not see Mr. Jones "right away." (*Id.* at 5.) Thus, he agrees he did not see Mr. Jones prior to the collision. Nevertheless, Defendant argues he may have perceived sounds that may be "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Federal Rule of Evidence 701. He also appears to argue he was able to conclude what happened based on these perceptions and perhaps his observations after he felt the collision or saw Mr. Jones or his motorcycle. For example, Defendant posits he could tell he was struck from behind and concluded the motorcycle must have been traveling faster than he was. Without having heard the evidence, the Court has difficulty predicting whether this conclusion is controversial. Nevertheless, in light of Mr. Naber's admissions about his lack of personal knowledge and when he first saw Mr. Jones, the parties are cautioned they will need to carefully lay foundation for his testimony about what he perceived, how he perceived it, and what conclusions he may have reached. Defendant's counsel shall advise Mr. Naber of this concern in advance of trial. Plaintiffs' motion is **denied** without prejudice to any objections it may assert at trial regarding the sufficiency of the foundation or the limits of Defendant's personal knowledge.

### 9. *Nancy Jones's prior motor vehicle accident*

Defendant did not resist Plaintiffs' motion to exclude evidence of Nancy Jones's October 2017 motor vehicle collision as irrelevant, prejudicial, and likely to confuse the jury and, therefore, inadmissible under Federal Rules of Evidence 401, 402, and 403. Plaintiffs' motion is **granted**.

### B. *Defendant's motions in limine*

#### 1. *Liability insurance*

Plaintiffs do not oppose Defendant's motion to exclude evidence of liability insurance pursuant to Federal Rule of Evidence 5.411. Defendant's motion on this issue is **granted**.

### 2. *Settlement Negotiations*

Plaintiffs do not oppose Defendant's motion to exclude evidence concerning settlement negotiations pursuant to Federal Rule of Evidence 408. Defendant's motion on this issue is **granted**.

### 3. *Defendant's traffic citation*

Plaintiffs do not oppose Defendant's motion to exclude evidence regarding the facts that Defendant was charged with making an unsafe turn and that the charge was ultimately dismissed. Defendant's motion on this issue is **granted**.

### 4. *Official accident reports*

Defendant seeks to exclude the official accident reports prepared by the Iowa State Patrol. It does not appear that Plaintiffs intend to offer those reports into evidence. They anticipate the officers may need to use their reports to refresh their recollection at trial. Plaintiffs do not oppose Defendant's motion so long as the reports may be used to refresh the officers' recollection and so long as the officers are permitted to testify regarding their findings and conclusions. The Court does not read Defendant's motion to be so broad as to prohibit refreshing the officers' recollection or to prohibit the officers from testifying regarding their findings and conclusions. Defendant's motion on this issue is **granted**.

### 5. *Opinion evidence regarding statutory violations*

Plaintiffs do not object to Defendant's motion to exclude opinion evidence regarding statutory violations. However, Plaintiffs raise the same concerns regarding limiting investigating officers from testifying regarding their findings and conclusions.

Again, the Court does not read Defendant's motion to be so broad. Defendant's motion on this issue is **granted**.

### 6. *Evidence regarding other charges*

Plaintiffs do not object to Defendant's motion to exclude evidence regarding other traffic citations. This evidence does not appear to be relevant. Federal Rule of Evidence 401. Defendant's motion on this issue is **granted**.

### 7. *Evidence regarding other accidents*

Plaintiffs do not object to Defendant's motion to exclude evidence of Defendant's involvement in a different accident. This evidence does not appear to be relevant. Federal Rule of Evidence 401. Defendant's motion on this issue is **granted.**

### 8. *Subsequent remedial measures*

Defendant seeks to exclude evidence that after the accident someone installed a rearview mirror on his tractor and a slow-moving vehicle symbol on his manure spreader. Defendant argues these are subsequent remedial measures that are inadmissible pursuant to Federal Rule of Evidence 407 which provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407

Plaintiffs assert Rule 407 permits them to introduce evidence of subsequent remedial measures for impeachment purposes or to show ownership, control or the feasibility of precautionary measures if disputed. It seems unlikely Defendant will dispute

7

ownership or control of his tractor or manure spreader. It also seems unlikely Defendant will argue that it was not feasible to install a slow-moving vehicle sign or a rearview mirror. It remains to be seen how any witness might be impeached by the post-accident implementation of these remedial measures. Defendant's motion is **granted** on this issue, subject to the following reservation. If, during trial, Plaintiffs believe there is a basis to admit evidence of remedial measures, they shall raise the issue outside the presence of the jury or at sidebar prior to making any reference to subsequent remedial measures.

### III.   CONCLUSION

For the reasons stated above, Plaintiffs' motion in limine (Doc. 21) is **granted in part and denied in part**, subject to the limitations set forth above. Defendant's motion in limine is **granted**, subject to the limitations set forth above. Counsel for the parties shall inform all witnesses of this ruling and instruct them not to volunteer, disclose, state, or mention any of the evidence or topics on which the Court has granted the motions in limine. The attorney who calls a non-party witness is responsible for notifying such witness.

**IT IS SO ORDERED** this 3rd day of September, 2019.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa